IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MERLYN JOHNSON

VS.                                                          CIVIL ACTION NO. 4:08CV17-MPM-DAS

PAUL LEWIS and
CENTRAL WOODWORK, INC.

## **ORDER**

This matter is before the court on motion of the defendant to compel discovery responses (# 32). With its motion, the defendant explains it initially propounded discovery on July 16, 2008. On September 24, because the plaintiff had yet to respond to the discovery, defense counsel attempted to confer in good faith and requested responses. On October 2, plaintiff's counsel responded, but defense counsel now contends several of those responses were inadequate.

The court has examined the defendant's motion and the discovery responses attached to the motion. While defense counsel refers to the state court rules of civil procedure, the federal rules are, of course, very similar. However, because defense counsel did not follow the local rule, the court is unable to grant the present motion. Local Rule 37.1 provides, among other things, that "prior to service of a discovery motion, all counsel shall confer in good faith to determine to what extent the issue in question can be resolved without court intervention." Counsel shall then file along with its motion a Good Faith Certificate "signed by all counsel." The court is aware that defense counsel essentially complied with most of the local rule, but a certificate can be more than simply a formalistic procedure. Because the certificate must be

signed by all counsel, the procedure often alerts the allegedly derelict party that this is a matter of some seriousness. It also demands that the parties confer with more than simply a letter and nothing else.

The court would note that denial of the present motion is in no way intended as a position on the merits of the motion. Should defense counsel attempt once again to confer in good faith and receive what it believes unsatisfactory responses, and if the federal and local rules are followed, the court will consider the matter at that time. Plaintiff's counsel should likewise be familiar with the rules related to discovery motions, including Rule 37(b)(2)(C), which provides for payment of expenses should defense counsel be forced to file a second motion and the court find the answers to the propounded discovery inadequate.

IT IS THEREFORE ORDERED that the defendant's motion to compel discovery responses (# 32) is hereby DENIED.

SO ORDERED, this the 15th day of January 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE